IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM FLOYD GAY,

    Petitioner,

v.                                           CASE NO. 5:08-cv-299-RS-AK

WALTER MCNEIL,

    Respondent.

_____/

**O R D E R**

This cause is before the Court on Petitioner's motion for clarification of the Court's order denying leave to file a second amended habeas petition. Doc. 44. Petitioner is correct that the Court made a typographical error in identifying the ground of his petition which he wished to amend, i.e., Petitioner sought to amend Ground VIII of his amended petition, not Ground VII.

The Court did, however, substantively review Ground VIII (and Ground IX, which appears to be part and parcel of manifest injustice argument), and it now reconsiders the denial of leave to amend. In that regard, Petitioner argues that because he was "attempt[ing] to keep the claim brief," he simply referred the Court to the "exact location" in the record where he made the "manifest injustice" argument without reiterating the arguments and details included in the state court pleading.

Neither this Court nor Respondent is required to comb the record looking for documents where a petitioner has previously made arguments in state court which he wishes to raise in a

habeas proceeding. It is this situation which the rules and forms seek to prevent when they require the petitioner to set forth all the facts supporting a particular claim without reference, for example, to arguments made in a supporting memorandum.

Be that as it may, the Court has located the state court document in which Petitioner made the "manifest injustice" argument regarding the prosecutor's actions during his trial, a document which is attached as Exhibit SS to Respondent's response. It is clear that Petitioner's failure to present the argument in the first amended pleading was akin to a scrivener's error, and while the manner in which he presented the amendment in the proposed second amended petition was unclear and not in keeping with the rules, Respondent will not be prejudiced by allowing the amendment at this stage.

Respondent need not file an entirely new response to the second amended petition however. Instead, it should file a "Supplemental Response," addressing Grounds VIII and IX only. With that said, the Court expresses no opinion on the merits of the claims or whether they are timely or exhausted.

Accordingly, it is **ORDERED**:

That the motion for clarification, Doc. 44, is **GRANTED**;

That the order denying leave to amend, Doc. 43, is **VACATED**;

That the motion for leave to file second amended petition, Doc. 28, is **GRANTED**;

That the Clerk shall file the attached second amended petition as a separate document;

That, no later than **December 17, 2009**, Respondent shall file a Supplemental Response addressing only Grounds VIII and IX of the second amended petition;

That Petitioner may file a Supplemental Reply addressing only the argument raised in the

Supplemental Response no later than **January 19, 2010.**

    **DONE AND ORDERED** this *16th* day of November, 2009.

                        *s/ A. KORNBLUM*
                        **ALLAN KORNBLUM**
                        **UNITED STATES MAGISTRATE JUDGE**